UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ORLANDO INVESTMENTS LLC, et al.,<br><br>    Defendants. | Case No. 18-CV-00277-LHK<br><br>**ORDER DENYING MOTION FOR STAY AND EARLY EVALUATION CONFERENCE**<br><br>Re: Dkt. No. 10 |

On January 12, 2018, Plaintiff Scott Johnson ("Plaintiff") brought this action against Defendants Orlando Investments LLC and Joy Luck Flowers LLC for (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) violation of the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 *et seq.* Before the Court is Joy Luck Flowers' motion to stay the action and for an early evaluation conference pursuant to California Civil Code § 55.54. ECF No. 10 ("Mot."). Plaintiff opposed this motion on March 20, 2018. ECF No. 16. For the reasons stated below, the Court DENIES Joy Luck Flowers' motion for a stay and an early evaluation conference.

As discussed above, Joy Luck Flowers moves for a stay and an early evaluation conference pursuant to California Civil Code § 55.54, which is a provision within California's Construction-

Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 55.51–55.54. *See Lamark v. Laiwalla*, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013). However, § "55.54's provisions are preempted by the ADA and cannot be applied to [a] plaintiff's ADA claim." *Lamark*, 2013 WL 3872926, at *1 (citing *O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976 (E.D. Cal. 2010)). This is because "the ADA has no provision for mandatory stays and early settlement conferences" like § 55.54, and thus § 55.54 "clearly conflicts with federal law" by "impos[ing] an[] additional procedural hurdle[] to a plaintiff bringing a claim under the ADA." *O'Campo*, 758 F. Supp. 2d at 984–85. Because § 55.54 "is preempted to the extent it applies to [P]laintiff's ADA claim," *id.* at 985, the Court cannot apply it to Plaintiff's ADA claim.

Additionally, under *Erie Rail Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, the Court cannot apply § 55.44 to Plaintiff's Unruh Act claim. "[A]ll California federal courts to have considered the issue have found that" under the *Erie* doctrine, "a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims . . . because its provisions are not outcome determinative." *Lamark*, 2013 WL 3872926 at *1 (citing *Moreeno v. Town & Country Liquors*, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012); *O'Campo*, 758 F. Supp. 2d at 985; *Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010)).

Finally, although the Court can stay this action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), Joy Luck Flowers does not articulate *any* reason—let alone a persuasive reason—for why a stay would be appropriate in the instant case. *See* Mot.

For the foregoing reasons, the Court DENIES Joy Luck Flowers' motion for a stay and an early evaluation conference pursuant to California Civil Code § 55.54.

**IT IS SO ORDERED.**

2
Case No. 18-CV-00277-LHK
ORDER DENYING MOTION FOR STAY AND EARLY EVALUATION CONFERENCE

Dated: August 7, 2018

_____
LUCY H. KOH
United States District Judge